United States District Court
Southern District of Texas
**ENTERED**
December 24, 2015
David J. Bradley, Clerk

|  |  |  |
|---|---|---|
| United States District Court | | Southern District of Texas |

ROGER DALE STEPP, §
TDCJ 1311525, §
    Plaintiff, §
 §
versus §    Civil Action H-15-cv-669
 §
WILLIAM STEPHENS, *ET AL.*, §
 §
    Defendants. §

## Opinion on Dismissal

    Roger Dale Stepp is held in a Texas prison. He sues William Stephens and unnamed medical personnel for civil rights violations. Stephens and the other defendants move to dismiss for failure to state a claim recognized at law. (12)

    Prison doctors diagnosed Stepp with idiopathic bile induced diverticulitis. Stepp contends this pre-existing medical condition is life threatening. Nurses give him Cholestyramine C-light three times a day for his condition. Stepp is assigned to the Hightower Unit. He was temporarily housed on the Estelle Unit receiving treatment for another medical condition. He says that while he was on the Estelle Unit he was given his medicine only once a day instead of three times a day.

    Stepp says he suffered painful lower bowel cramps, bloody stools, and uncontrollable diarrhea caused by the reduced dosage. Stepp maintains the prison employees knew he would suffer severe pain without his full dosage. He admits it was only while he was away from his home unit that he did not receive his full daily dosage.

    Stepp says guards have given him his prescribed medication three times per day for the past ten years. He states the defendants made his medical condition worse by depriving him of his full dosage of medicine on the Estelle Unit. Stepp argues the incidents underlying his complaint were not accidents nor mistakes.

    The standard for a medical care claim is whether the plaintiff has suffered "deliberate indifference to serious medical needs." *Estelle V. Gamble*, 429 U.S. 97, 104 (1976). A defendant

is deliberately indifferent when he knows an inmate faces a substantial risk of serious harm and disregards the risk by not taking reasonable measures. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant is not liable unless he knows of and disregards an excessive risk to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw the inference. *Id.* Allegations of negligence, or even gross negligence, do not show deliberate indifference. *Hare v. City of Corinth, MS*, 74 F.3d 633 (5th Cir. 1996). Deliberate indifference must rest on facts clearly showing a defendant's wanton actions. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The defendants maintain they were not deliberately indifferent to Stepp's medical needs. They first point out Stepp does not state the specific dates he failed to get his medicine. They also state Stepp admits he only failed to get his full dosage when he was away from his home unit. The defendants further contend Stepp was receiving his medicine when he filed his complaint. The defendants assert without dispute that Stepp has received his medicine for years without interruption except on rare occasions. The defendants argue that the fact the incidents Stepp raises occurred off his assigned unit points away from deliberate indifference.

The defendants also argue qualified immunity. They maintain the unavailability of an uncommon medicine because of inadvertence does not rise to the level of deliberate indifference. They further point to the fact that Stepp does not complain about any other instances of unavailability after the incidents raised here.

Stepp's allegations do not show deliberate indifference. He continued to receive his medicine while on the Estelle Unit, although he received less dosages than prescribed. He was on another unit with different personnel not familiar with Stepp and his medical situation. The reduced daily dosage was temporary. Stepp does not raise any facts showing the reduced dosage was based on deliberate indifference rather than inadvertence. He received one dose per day without interruption while he was on the Estelle Unit. Stepp does not dispute that when he returned to his home unit, he again received his full daily dosage.

The defendants failed to provide Stepp his medicine in isolated incidents while he was temporarily away from his home unit. He raises negligence and possibly gross negligence. Stepp does not show that prison medical personnel were deliberately indifferent to his medical needs.

2

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (the deliberate indifference standard is an "extremely high" one to meet). The summary judgment record does not raise any facts material to Stepp's claims against prison medical personnel.

Stepp has not defeated the defendants' summary judgment showing and has not shown deliberate indifference. The defendants' motion for summary judgment (12) is granted.

Signed ~~November~~ December 24, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge